<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

**RECEIVED**

JUN 1 3 2018

AT 8:30_____M
WILLIAM T. WALSH
CLERK

BRIAN ERIC TIMM,

      Plaintiff,

      v.

STATE OF NEW JERSEY, et al.,

      Defendants.

Civil Action No. 18-9769 (MAS) (LHG)

**MEMORANDUM ORDER**

This matter comes before the Court on Plaintiff Brian Eric Timm's ("Plaintiff") "Ex-parte Emergency Motion for Preliminary Injunctive Relief." (ECF No. 4.) By way of background, Plaintiff filed this Action on May 29, 2018 alleging: (1) "Un-Alienable Rights Re-Affirmed under Public Law 39-26"; (2) "Plaintiff's un-alienable rights re-affirmed under Public Law 39-26 are violated by the repeat of robo signing scandal of 2010 now perpetrated by the court itself"; (3) "Unlawful Sale of Plaintiff's Property"; (4) "Freeholder's Failure to Supervise"; and (5) two counts of "Involuntary Servitude." (*See* Compl., ECF No. 1.) Plaintiff's Complaint seeks seventy-five million dollars,[1] plus "[a]ctual damages," an order declaring Plaintiff's note and mortgage null and void, and an order restoring title to his property. (Compl. 33.)

Factually, Plaintiff's Complaint appears to be based on conduct surrounding Plaintiff's mortgage and, later, a foreclosure and Sheriff's Sale. Plaintiff claims that in connection with these proceedings, there was "judicial robo signing" and "fabrication" of documents. (Compl. 8-9.) Plaintiff's claim is based on the appearance of an "s/" signature on the Final Judgment and "making

---

[1] Plaintiff's Emergent Application includes a Civil Cover Sheet that indicates a monetary demand of nine hundred million dollars. (ECF No. 4-2.)

it appear as if a [Judge] has reviewed the case." (*Id.* at 20.) Plaintiff also argues that the Judge in his foreclosure action was from a "different venue" and therefore "completely outside of his jurisdictional authority." (*Id.* at 21.)[2] Plaintiff claims he has been damaged in the loss of title, loss of personal property, lost earnings, physical pain, mental anguish, property damage, and "[d]isruption of family harmony ending in divorce." (*Id.* at 30.)

On June 7, 2018, Plaintiff filed Certificates of Service (ECF No. 3) and shortly thereafter, on June 12, 2018, Plaintiff filed the instant "Ex-Parte Emergency Motion" related to a pending eviction currently scheduled for June 18, 2018. (Emergent Appl., ECF No. 4.) Plaintiff's Emergent Application seeks a "Preliminary Injunction against Sheriff Shaun Golden [enjoining] him and the Monmouth County Sheriff's Office to [sic] proceed . . . on June 18, 2018." (*Id.* at 9.) Plaintiff further seeks a state-wide injunction against all foreclosures "until such time that the state court foreclosure plaintiffs can proof [sic] that they hold valid judgment and valid Writ of Possession." (*Id.* at 9-10.)

Based on the documents provided with Plaintiff's submissions, it appears that Wells Fargo initiated foreclosure proceedings against Plaintiff on or about September 24, 2012. (*Id.* at 2.) On July 12, 2017, the Superior Court entered a Final Judgment, which contains an "s/" signature of Judge Innes of the Superior Court of New Jersey. (Annex C, ECF No. 4-4.) Subsequently, a Sheriff's Sale was held where Wells Fargo bid $1,000 and later assigned the bid to Federal Home Loan Mortgage Corporation. (Annex E, ECF No. 4-6; Compl. 23.) On April 4, 2018, a Writ of Possession issued with "s/" signatures of counsel for Plaintiff and the Clerk of Court. (Annex D,

---

[2] Plaintiff also alleges that the loan was never "consummated" with Wells Fargo (*id.* at 13), the loan's requirement to pay in cash, check, or money order is unlawful (*id.* at 14-15), and the contract forced Plaintiff into involuntary servitude (*id.* at 16).

2

ECF No. 4-5.) On April 24, 2018, Plaintiff was provided a notice of eviction that requires him to vacate the premises by June 18, 2018 at 9:00 a.m. (Compl. 23; Annex F, ECF No. 4-7.)[3]

As an initial matter, it is unclear whether this application can be made on an ex-parte basis. In any event, to the extent the Application is properly before the Court, an abstention doctrine applies as to the relief Plaintiff seeks. "The *Rooker-Feldman* doctrine bars federal district courts from hearing cases 'that are essentially appeals from state-court judgments.'" *Nest v. Nationstar Mortg., LLC*, No. 16-4282, 2016 U.S. Dist. LEXIS 117199, at *4 (D.N.J. Aug. 31, 2016) (citing *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 165 (3d Cir. 2010)). "The Third Circuit has specifically held that the *Rooker-Feldman* doctrine bars federal courts from providing relief that would invalidate a state court foreclosure decision." *Id.* (citing *Gage v. Wells Fargo Bank, NA AS*, 521 F. App'x 49, 51 (3d Cir. 2013)).

*Rooker-Feldman* applies where: "(1) the federal plaintiff lost in state court; (2) the plaintiff complain[s] of injuries caused by [the] state-court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Great W. Mining & Mineral Co.*, 615 F.3d at 166; *see also Otto v. Judiciary Courts of N.J.*, No. 17-3424, 2018 U.S. Dist. LEXIS 8697, at *9 (Jan. 16, 2018) (*Rooker-Feldman* prohibits federal courts from addressing federal claims "that (1) were previously adjudicated in state court or (2) are inextricably intertwined with a prior state court decision."); *Anise v. JPMorgan Chase Bank*, No. 16-8125, 2017 U.S. Dist. LEXIS 101084, at *9 (D.N.J. June

---

[3] In support of his Emergent Application, Plaintiff also includes a transcript from an unrelated foreclosure action, *Ditech Financial v. Karen Barel*. According to Plaintiff, the April 2018 transcript demonstrates that Judge Innes "never reviews the motions for final judgment[,] never sees them[,] and never signs them." (Emergent Appl. 5; Annex A, ECF No. 4-2.) Although not material to the outcome of this Application, the Court notes its disagreement with Plaintiff's characterization of the transcript.

29, 2017) ("The *Rooker-Feldman* doctrine strips federal courts of jurisdiction over controversies that are essentially appeals from state-court judgments.") (quoting *Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014)). Here, a Final Judgment was entered in a state court action, Plaintiff's property was sold pursuant to a Sheriff's Sale, and Plaintiff is being evicted from his home as a result of the sale. The foreclosure and the Sheriff's Sale occurred in 2017 (Compl. 23; Annex C, ECF No. 4-4), prior to Plaintiff's initiation of this action in May 2018, and Plaintiff requests the District Court to enjoin the Sheriff's Office from completing the eviction. This appears to be the exact situation where "a favorable decision in federal court would require negating or reversing the state-court decision." *Nest*, 2016 U.S. Dist. LEXIS 117199, at *4 (quoting *Great W. Mining & Mineral Co.*, 615 F.3d at 170 n.4). The Court, therefore, finds that the *Rooker-Feldman* doctrine bars the requested relief to the extent that it stems from the foreclosure proceedings previously adjudicated in state court.[4] Any challenge to the order(s) regarding the sale or eviction, therefore, must be raised in state court, not separately in federal court.

Accordingly,

**IT IS** on this 13th day of June 2018, **ORDERED** that Plaintiff's Application for Emergent Relief (ECF No. 4) is **DENIED**.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

---

[4] To the extent Plaintiff's request for a state-wide injunction halting all state court foreclosures is not barred by the *Rooker-Feldman* doctrine, this is a drastic request and Plaintiff has failed to establish entitlement to relief under the preliminary injunction standard. *See Ecri v. McGraw-Hill, Inc.*, 809 F.2d 223, 226 (3d Cir. 1987) (discussing requirements for preliminary injunction).