# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

BRIAN ERIC TIMM,

    Plaintiff,

v.

STATE OF NEW JERSEY, et al.,

    Defendants.

Civil Action No. 18-9769 (MAS) (LHG)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

    This matter comes before the Court upon Defendants Monmouth County Sheriff's Office (the "Sheriff's Office") and Monmouth County Sheriff Shaun Golden's ("Sheriff Golden") (collectively, the "Monmouth County Defendants") Motion to Dismiss (ECF No. 28-1) claims 7 and 8 of pro se Plaintiff Brian Eric Timm's ("Plaintiff") Amended Complaint for failure to state a claim. Plaintiff opposed (Pl.'s Opp'n Br., ECF No. 29), and the Monmouth County Defendants replied (ECF No. 30). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, the Court grants the Monmouth County Defendants' Motion.

**I.   BACKGROUND[1]**

    Plaintiff's Complaint stems from a New Jersey state court's final judgment in a foreclosure action against him. The Monmouth County Defendants sold his $650,000 property in a "rigged

---

[1] For the purpose of the instant Motion, the Court accepts all factual allegations in the Complaint as true. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). The Court assumes familiarity with the factual background of this matter and, therefore, only includes the facts necessary to decide the instant motion. (*See* Mem. Op. 2–9, ECF No. 22.)

bidding" at a sheriff's sale to Federal Home Loan Mortgage Corporation for $1,000. Plaintiff alleges that, by selling his real property, the Monmouth County Defendants (1) deprived him of due process under the United States Constitution, and (2) violated his rights "under Public Law 39-26."

## II. LEGAL STANDARD

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

When deciding a motion to dismiss pursuant to Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Importantly, on a Rule 12(b)(6) motion to dismiss, "the defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005)).

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). Nonetheless, "a litigant is not absolved from complying with *Twombly* and the federal pleading requirements merely because he proceeds pro se." *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010) (citation omitted). Thus, "pro se litigants still must allege sufficient facts in their

complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

## III. DISCUSSION

Claims 7 and 8 of the Amended Complaint allege that the Monmouth County Defendants violated Plaintiff's rights "under Public Law 39-26" and the United States Constitution.

### A. Public Law 39-26 Claims

As with the initial complaint, Plaintiff's Amended Complaint relies in part on Public Law 39-26. As the Court previously explained in granting the defendants' prior motions to dismiss, Public Law 39-26 is the immediate predecessor of the Civil Rights Act of 1866, which is currently codified as 42 U.S.C. §§ 1981, 1982. (*See* Mem. Op. 11–15 (citing *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 733 (1989)).)[2] In short, Public Law 39-26 and 14 Stat. 27 subsists in an amended form in the causes of action available under §§ 1981 and 1982. To the extent Plaintiff solely relies upon Public Law 39-26 and 14 Stat. 27, he fails to state a claim because Public Law 39-26 and 14 Stat. 27 are not in effect.[3]

---

[2] Plaintiff emphasized in his response that the "complaint is based on the violation of . . . inalienable rights reaffirmed under 14 Stat. 27, . . . **not based on** the so-called 'more current version' as 42 U.S.C. §§ 1981, 1982." (Pl.'s Opp'n Br. 21.) Plaintiff contends that "14 [Stat.] 27 exists today just as it existed in 1866." (*Id.* at 21–22.) Plaintiff knowingly reasserted this position again and again. (*E.g.*, Pl.'s Opp'n Br. at 26 ("At the risk of sounding redundant Brian Timm's inalienable rights which were reaffirmed under 14 [Stat.] 27, [t]he Civil Rights Act of 1866 . . . .").)

[3] Even if the Court construes Plaintiff's Amended Complaint to allege violations under §§ 1981 and 1982, and even if the Court considers the Amended Complaint under the less stringent standards for pro se plaintiffs, Plaintiff did not amend the complaint to include allegations of racial discrimination, as he must to state claims under §§ 1981 and 1982. (*See* Mem. Op. 12–14 ("Plaintiff [] fails to allege that the discrimination he suffered in violation of Section 1981 and Section 1982 was on account of his race.") Plaintiff, accordingly, fails to state a claim under §§ 1981 and 1982 as well.

3

### B. Constitutional Claims

Plaintiff also alleges that the Monmouth County Defendants violated his Fifth and Fourteenth Amendment due process rights. The Due Process Clause of the Fifth Amendment only applies, however, to federal officials. *Bergdoll v. City of N.Y.*, 515 F. App'x 165, 170 (3d Cir. 2013) ("[Plaintiff's] Fifth Amendment claim fails because the Due Process Clause of the Fifth Amendment only applies to federal officials, and [Defendant] is a state official."); *see also Fallbrook Irrigation Dist. v. Bradley*, 164 U.S. 112, 158 (1896) ("The Fifth Amendment . . . applies only to the federal government, as has many times been decided."). Plaintiff's Fifth Amendment claim against the Sheriff's Office and Sheriff Golden, accordingly, fails.

Conversely, the Fourteenth Amendment could apply to state municipalities. There is, however, no private cause of action against a municipality directly under the Fourteenth Amendment, where a plaintiff may proceed under 42 U.S.C. § 1983. *Capogrosso v. The Supreme Court of New Jersey*, 588 F.3d 180, 185 (3d Cir. 2009); *see also Turpin v. Mailet*, 591 F.2d 426, 427 (2d Cir. 1979) (on remand in light of *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Thomas v. Shipka*, 818 F.2d 496, 499 (6th Cir. 1987), *vacated on other grounds and remanded*, 488 U.S. 1036 (1989) (holding "that in cases where the plaintiff states a constitutional claim under 42 U.S.C. [§] 1983, that statute is the exclusive remedy for the alleged constitutional violations.").

"Local governing bodies [and local government officials in their official capacities] can be sued directly under § 1983. . . ." *Monell*, 436 U.S. at 690, 690 n.55. "[T]o state a claim for relief under § 1983, a plaintiff must allege first, the violation of a right secured by the Constitution . . . of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law." *Grohs v. Fratalone*, No. 13-7870, 2015 WL 6122147, at *3 (D.N.J. Oct. 16, 2015) (citing *Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir.

2011)). "[M]unicipal defendants[, however,] cannot be held liable under a theory of respondeat superior; municipal liability only arises when a constitutional deprivation results from an official custom or policy." *Montgomery v. De Simone*, 159 F.3d 120, 126 (3d Cir. 1998) (citing *Monell*, 436 U.S. at 691–94). To succeed on his Fourteenth Amendment claim, then, Plaintiff must allege an official municipal policy or custom that deprived him of his constitutional rights. Here, Plaintiff fails to allege any such policy or custom from which the Court could find that the Monmouth County Defendants violated his Fourteenth Amendment due process rights. The Court, accordingly, finds Plaintiff fails to state a Fourteenth Amendment claim.

## IV.    CONCLUSION

For the reasons set forth above, the Monmouth County Defendants' Motion to Dismiss is granted. The Court will enter an order consistent with this Memorandum Opinion.

<br>

                                            MICHAEL A. SHIPP
                                            UNITED STATES DISTRICT JUDGE