**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

BRIAN ERIC TIMM,

                Plaintiff,

v.

STATE OF NEW JERSEY, et al.,

                Defendants.

Civil Action No. 18-9769 (MAS) (LHG)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

    This matter comes before the Court on two motions: The first is Defendants Office of the Clerk of the Superior Court of New Jersey, Office of the Superior Court of New Jersey, Judge Paul Innes, ("Judge Innes") and Michelle M. Smith, Clerk of the Superior Court of New Jersey's ("Smith," and collectively, "State Defendants") Motion to Dismiss pro se Plaintiff Brian Eric Timm's ("Plaintiff") Amended Complaint. (ECF No. 35.) Timm opposed (ECF No. 68), and State Defendants did not reply. The second is Defendant Brian Fishman's Motion to Vacate Default Judgment. (ECF No. 56.) Timm opposed (ECF No. 59), and Fishman did not reply. The Court has carefully considered the parties' submissions and decides the matter without oral argument under Local Civil Rule 78.1. For the reasons below, the Court grants both Motions.

**I.**     **BACKGROUND**

    The Court assumes the parties' familiarity with the factual background of this matter and adopts and incorporates the facts from its March 1, 2019 Memorandum Opinion dismissing Plaintiff's Complaint. *See Timm v. New Jersey*, No. 18-9769, 2019 WL 6699450, at *1 (D.N.J. Dec. 9, 2019), ECF No. 22.

In May 2018, Timm initiated this action alleging that certain state and county actors deprived him of his constitutional rights during New Jersey state court foreclosure proceedings brought against him. (*See generally* Compl., ECF No. 1.) Among the defendants identified in Plaintiff's initial complaint were the State of New Jersey, the Office of Foreclosure of the Superior Court of New Jersey, the New Jersey Superior Court, and Judge Patricia Del Bueno Cleary, P.J. Ch. ("Original State Defendants"). (*See id.* at 2–3.) On October 18, 2018, Original State Defendants moved to dismiss the Complaint. (ECF No. 15.) On February 28, 2019, the Court dismissed Plaintiff's Complaint without prejudice and granted Timm leave to file an amended complaint. (ECF Nos. 21, 22.)

On April 1, 2019, Timm filed the Amended Complaint. (Am. Compl., ECF No. 23.) That Complaint added claims against State Defendants and Fishman. According to Plaintiff, State Defendants deprived him of his rights under the Fifth and Fourteenth Amendments of the U.S. Constitution and his "inalienable [r]ights reaffirmed under Public Law 39-26." (*Id.* at 19.) Claim One of the Amended Complaint alleges that "Defendants . . . participated in a scheme and artifice and in absence of all jurisdiction knowingly and intentionally authorized fabrication of a court document styled 'Final Judgment.'" (*Id.* at 19.) Claim Two alleges that Smith "authorize[d] and direct[ed] her employees, to *impersonate a judge*, [and] to use [a] fabricated and forged signature stamp" of Judge Innes "on a court document styled 'Final Judgment.'" (*Id.* at 21–22.) Claim Three alleges that Judge Innes "authoriz[ed] the fabrication of [that] false and counterfeit signature." (*Id.* at 23.) Claims Four and Six allege that Smith executed and filed false court documents styled "Writ of Execution" and "Writ of Possession." (*Id.* at 24–28.) Timm seeks damages of $8,000,000.00 and "an order [or] decree or injunctive relief which constitutes his request for such further relief as of this time." (*Id.* at 32–33.)

Claim Five against Fishman also derives from Timm's allegation that Judge Innes and Smith authorized the fabrication and filing of the "Writ of Possession." (*Id.* at 26.) For his part, Fishman served as an attorney on behalf of Freddie Mac, the foreclosure plaintiff's assignee, during the post-sale foreclosure proceedings. (Fishman's Moving Br. 4, ECF No. 56-3.) The Amended Complaint alleges that Fishman participated in a "scheme and artifice of fabrication" by filing a "false court document styled 'Writ of Possession.'" (Am. Compl. 25.) On July 9, 2019, Timm filed a summons as to Fishman asserting that he was served on June 8, 2019. Fishman alleges that he was never properly served with the Complaint. (Fishman's Moving Br. 5.) Instead, he claims that he was notified of this action on January 28, 2022. (*Id.*) Fishman's Motion to Vacate Default followed.

State Defendants also move to dismiss Plaintiff's Amended Complaint.[1] (ECF No. 35.) State Defendants argue that they are entitled to Eleventh Amendment immunity (State Defs.' Moving Br. 13–16, ECF No. 35-2), that Judge Innes is entitled to absolute judicial immunity (*id.* at 16-19), that Smith is entitled to absolute quasi-judicial immunity (*id.* at 20-22), and that Timm fails to state a claim for prospective injunctive relief (*id.* at 28–32). Fishman also joined the State Defendants' Motion. (ECF No. 65.) The Court addresses State Defendants' arguments below.

## II.   LEGAL STANDARD

At any time, a defendant may move to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1). Fed. R. Civ. P. 12(b)(1), (h)(3). "A motion to dismiss . . . for lack of subject matter jurisdiction made prior to the filing of the defendant's answer is a facial challenge to the complaint." *Bennett v. City of Atl. City*, 288 F. Supp. 2d 675, 678 (D.N.J. 2003) (citations omitted).

---

[1] State Defendants' Motion is the victim of a tortured history. This motion was administratively terminated on August 19, 2020, pending State Defendants response to an Order to Show Cause. Despite several requests from this Court, State Defendants did not respond until February 9, 2022. Thereafter, the Court reinstated the Motion.

3

"A facial 12(b)(1) challenge, which attacks the complaint on its face without contesting its alleged facts, is like a 12(b)(6) motion in requiring the court to consider the allegations of the complaint as true." *Hartig Drug Co. v. Senju Pharm. Co.*, 836 F.3d 261, 268 (3d Cir. 2016) (internal quotation marks and citation omitted). The Third Circuit has "repeatedly cautioned against allowing a Rule 12(b)(1) motion . . . to be turned into an attack on the merits." *Id.* at 272 n.14.

### III. DISCUSSION

The Court begins by addressing Fishman's Motion to Vacate Default. The Court will next address the State Defendants' Motion to Dismiss, which Fishman joins.

### A. The Court Will Vacate Default Against Fishman.

Motions to enter default judgment and vacate default are governed by Federal Rule of Civil Procedure Rule 55. *See* Fed. R. Civ. P. 55(a)-(c). Rule 55(c) provides that "[t]he court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). The Third Circuit directs that "[a]lthough the District Court has discretion to enter a default judgment, in this circuit, we prefer that cases be adjudicated on the merits." *Catanzaro v. Fischer*, 570 F. App'x 162, 165 (3d Cir. 2014) (citing *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984) (noting a "preference that cases be disposed of on the merits whenever practicable")). When deciding whether to vacate default, district courts must consider three factors: (1) whether the plaintiff will be prejudiced if the default is lifted; (2) whether the defendant has a meritorious defense; and (3) whether culpable conduct of the defendant led to the default. *See Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 656 (3d Cir. 1982); *see also United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984). The Third Circuit further instructs that motions to vacate judgment "should be resolved in favor of setting aside the default and reaching a decision on the merits." *Gross v. Stereo Component Sys., Inc.*, 700 F.2d 120, 122 (3d Cir. 1983) (citing *Farnese v. Bagnasco*, 687 F.2d 761, 764 (3d Cir. 1982)); *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 867 (3d Cir. 1984)

4

("We reiterate what we have said on numerous occasions: that dismissals with prejudice or defaults are drastic sanctions . . . ."). Applying those factors here, the Court finds vacating default against Fishman appropriate.

First, the Court finds that Timm will not be prejudiced if default is vacated, as the delay is minimal. Although this matter began in 2018, little has happened since. Indeed, no other claim has proceeded past the motion-to-dismiss stage. Under these circumstances, the Court is not persuaded that Timm will suffer any prejudice if default is vacated and this matter is allowed to proceed on the merits.

Second, the Court considers whether Fishman has a meritorious defense. Fishman presents four arguments that he claims are meritorious including: (1) this Court lacks federal question jurisdiction, (2) diversity is not applicable in this matter, (3) the *Rooker-Feldman* doctrine and/or New Jersey's Entire Controversy doctrine apply, and (4) Plaintiff's Amended Complaint fails to plead fraud with specificity. (*See generally* Fishman's Moving Br.) At a minimum, the Court finds Fishman's first defense meritorious.

Fishman argues that the Complaint fails to allege subject-matter jurisdiction because Plaintiff's baseless claims do not establish the existence of a federal question. (*Id.* at 5.) Although inartfully worded, the Court notes that it is settled that "[a] claim invoking federal-question jurisdiction under 28 U.S.C. § 1331 . . . may be dismissed for want of subject-matter jurisdiction if it is not colorable, *i.e.*, if it is 'immaterial and made solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous.'" *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 n.10 (2006). Thus if this Court finds federal question jurisdiction lacking, that would be a meritorious defense. This defense is not without support in this action. Indeed, as discussed below, this Court dismissed the claims against every other Defendant on immunity grounds and Plaintiff's claim against Fishman derives directly from the same allegations.

5

Third, the Court considers whether the entry of default was a product of Fishman's own culpable conduct. "[T]he standard for 'culpable conduct' in this Circuit is the 'willfulness' or 'bad faith' of a non-responding defendant." *Hritz*, 732 F.2d at 1182. Here, Defendant alleged that he was not served properly. (Fishman Moving Br. 6-7.) This is evidenced by his assertion that he does not live at the address noted in the summons. (*Id*. at 7.) The Court does not find that Fishman acted intentionally to avoid compliance with any court notices or engaged in bad faith.

After weighing these three factors, the Court finds vacating default appropriate in this instance.

### B. The Court Dismisses Plaintiff's Claims Against the State Defendants on Immunity Grounds.[2]

As an initial matter, the Court construes the Amended Complaint as asserting constitutional claims under 42 U.S.C. § 1983 against State Defendants.[3]

#### 1. Judge Innes and Smith

To the extent Timm seeks monetary damages against Judge Innes in his official capacity, those claims are barred by the Eleventh Amendment and must be dismissed. "State governments and their subsidiary units are immune from suit in federal court under the Eleventh Amendment . . . ." *Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 253 (3d Cir. 2010). Section 1983 does not

---

[2] Defendants also argue that Plaintiff's claims are barred under the *Rooker-Feldman* doctrine. (State Defs.' Moving Br. 23–28.) "However, the bulk of Plaintiff's claims involve the allegation that his constitutional rights were violated because the state court judgment was procured by fraud; that claim does not fall within the scope of the *Rooker-Feldman* doctrine." *Nemeth v. Office of the Clerk of the N.J. Superior Court*, 2020 WL 2537754, at *4 (D.N.J. May 19, 2020). Moreover, "ruling on Plaintiff's claims does not require this Court to review and reject the substance of the state court judgment." *Id.* at *5. The *Rooker-Feldman* doctrine, therefore, does not bar Plaintiff's claims against State Defendants.

[3] Plaintiff contends that the Amended Complaint is not intended to be a 42 U.S.C. § 1983 action. That contention, however, is without merit. *See Green v. City of Paterson*, 971 F. Supp. 891, 900 (D.N.J. 1997) (citing *Kneipp v.Tedder*, 95 F.3d 1199, 1204 (3rd Cir. 1996)) ("Section 1983 provides an avenue of recovery for the deprivation of established constitutional or statutory rights.").

provide for damages claims against state agencies or state officials in their official capacities. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64, 70–71 (1989). "[T]he New Jersey Superior Court is an 'arm' of the state entitled to share in the state's sovereign immunity." *Owens v. Armstrong*, 171 F. Supp. 3d 316, 329-30 (D.N.J. 2016) (alteration in original) (quoting *Johnson v. New Jersey*, 869 F. Supp. 289, 296 (D.N.J. 1994)). Because "Plaintiff's claims against the judges in their official capacities are in fact a suit against the State, the Eleventh Amendment bars suit for damages absent a waiver of sovereign immunity." *Id.* at 330 (internal citations omitted). "Here, Congress did not expressly abrogate sovereign immunity when it passed § 1983 . . . and there is no indication New Jersey has consented to Plaintiff's suit." *Id.* (internal citation omitted).

The Complaint seeks monetary damages against Judge Innes, presumably in his individual capacity. "It is a well-settled principle of law that judges are generally 'immune from a suit for money damages.'" *Id.* (alteration in original) (quoting *Figueroa v. Blackburn*, 208 F.3d 435, 440 (3d Cir. 2000)). "Judicial immunity extends to suits brought [against judges] under § 1983." *Trapp v. Tassini*, No. 14-6885, 2015 WL 4392840, at *3 (D.N.J. July 15, 2015) (citations omitted). "There are two exceptions to absolute judicial immunity: (1) 'a judge is not immune from liability for nonjudicial actions,' and (2) 'a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction.'" *Kaul v. Christie*, 372 F. Supp. 3d 206, 246 (D.N.J. 2019) (quoting *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991)). An act is "judicial" if it is normally performed by a judge in his judicial capacity. *Stump v. Sparkman*, 435 U.S. 349, 362 (1978). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority . . . ." *Id.* at 356. "Allegations that actions 'were undertaken with an improper motive diminishes neither their character as judicial actions nor the judge's immunity.'" *Trapp*, 2015 WL 4392840, at *3 (citation omitted).

Neither exception to judicial immunity applies here. Timm attempts to allege that Judge Innes took judicial action in the complete absence of all jurisdiction because the Final Judgment Order entered in his foreclosure case "bears the stamp signature of [J]udge . . . Innes, a chancery judge in *Mercer* [C]ounty, a totally different venue, without any connection to Plaintiff's foreclosure case or property which is located in Monmouth [C]ounty." (Am. Compl. 10.) However, the New Jersey Supreme Court rules set forth that the Chief Justice may designate a superior court judge to approve recommendations from the Office of Foreclosure. *See* N.J. Ct. R. 1:34-6. In this instance, Judge Innes was the superior court judge assigned by the Chief of the New Jersey Supreme Court to handle the Office of Foreclosure matters.

Indeed, these facts bare remarkable similarity to *Nemeth v. Office of the Clerk of the New Jersey Superior Ct.* There, the plaintiff brought a similar complaint against several defendants, including Judge Innes. *Nemeth*, No. 19-16809, 2020 WL 2537754, at *1 (D.N.J. May 19, 2020), *aff'd sub nom. Nemeth v. Off. of Clerk of Super. Ct. of N.J.*, 837 F. App'x 924 (3d Cir. 2020). The *Nemeth* plaintiff asserted that immunity did not apply because Judge Innes lacked jurisdiction to hear a foreclosure matter involving a property located in Middlesex County. *Id.* at *7. But the court found in favor of defendants, ruling that "Judge Innes was authorized to hear all uncontested foreclosure actions in New Jersey, including the foreclosure at issue, irrespective of the county in which the Property was located." *Id.* (citing N.J. Ct. R. 1:34-6(a) (authorizing the Chief Justice of the New Jersey Supreme Court to designate a superior Court judge to review the Office of Foreclosure's disposition of all uncontested foreclosure matters).

Applying New Jersey Court Rule 1:34-6 here, the state court in Timm's prior state action issued a decision on a summary judgment motion, granting the motion against plaintiff. With the grant of summary judgment, the foreclosure matter instantly became uncontested and continues to the New Jersey Superior Court's Office of Foreclosure. (*See* Am. Compl., Ex. A, Tr. of Mot.

Hearing in *Ditech Financial v. Barel* 7:9-13, 20-22, ECF No. 23-1.) In any event, the Court finds that Judge Innes did not act in the "*complete* absence of all jurisdiction" since he took action through the Office of Foreclosure, which he oversaw. *Kaul*, 372 F. Supp. 3d at 246 (emphasis added) (citing *Mireles*, 502 U.S. at 11-12).

The Court also dismisses the claims against Smith on similar grounds. "[C]ertain officials functioning as integral parts of the judicial process are absolutely immune from civil suits under § 1983." *Ernst v. Child & Youth Servs. of Chester Cty.*, 108 F.3d 486, 494 (3d Cir. 1997) (internal quotation marks and citations omitted); *see also McArdle v. Tronetti*, 961 F.2d 1083, 1085 (3d Cir. 1992) (finding prison doctor who allegedly gave false testimony and false diagnosis in commitment proceedings entitled to absolute immunity in furtherance of policy to protect person functioning as part of judicial process from harassment and intimidation).

Timm alleges that Smith placed Judge Innes's signature stamp on the Final Judgment Order, Writ of Execution, and Writ of Possession. (Am. Compl. 10-14.) Here, Smith was "functioning as an arm of the court" and "[a]s such, [s]he was an integral part of the judicial process and is protected by the same absolute judicial immunity that protects" Judge Innes. *McArdle*, 961 F.2d at 1085. The Court must similarly dismiss Plaintiff's claims against Smith.

### 2. New Jersey Superior Court and Superior Court Clerk's Office

As to the remaining claims against the Office of the Clerk of the New Jersey Superior Court and the New Jersey Superior Court, State Defendants assert that they are entitled to Eleventh Amendment immunity, thus this Court lacks subject matter jurisdiction to adjudicate Plaintiff's claims against them. (Defs.' Moving Br. 8, ECF No. 35-2.) This Court agrees.

The Eleventh Amendment provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state." U.S.

Const. amend. XI. The Amendment affords states and state entities immunity from suits brought by citizens in federal court, regardless of whether legal or equitable relief is sought. *See Pennhurst State School & Hosp.*, 465 U.S. at 89, 100-01; *see also Thorpe v. New Jersey*, 246 F. App'x 86, 87 (3d Cir. 2007) ("The Eleventh Amendment of the U.S. Constitution protects a state or state agency from a suit brought in federal court by one of its own citizens regardless of the relief sought. . . ."). As stated above, the "New Jersey Superior Court is an 'arm' of the state entitled to share in the state's sovereign immunity." *Owens*, 171 F. Supp. 3d at 329-30; *Johnson*, 869 F. Supp. at 296; *see also Nemeth*, 2020 WL 2537754, at *5 (finding that "the Office of the Clerk of the New Jersey Superior Court is indisputably a component of the State of New Jersey and is entitled to the protections of the Eleventh Amendment").[4] Plaintiff's claims against the Office of the New Jersey Superior Court and the Superior Court of New Jersey, therefore, are also dismissed on sovereign immunity grounds.

    **C.**    **The Claim Against Fishman Must Be Dismissed.**

With the State Defendants' Motion addressed, all that remains is Plaintiff's claim against Fishman. Fishman joined in the State Defendants' Motion, however, he made no affirmative arguments of his own. (*See* Notice of Joinder, ECF No. 65.) Nevertheless, the Court finds that the Complaint must also be dismissed against Fishman.

The Court dismisses the claim against Fishman for lack of subject-matter jurisdiction. Timm's claims against Fishman, as with the rest of his claims, are based on his belief that Judge

---

[4] To the extent Plaintiff seeks monetary damages against the Superior Court or the individuals in their official capacity, Section 1983 does not provide for damages claims against state agencies or state officials in their official capacities. *Will*, 491 U.S. at 64, 70-71. To the extent Plaintiff seeks injunctive relief, the Court finds such relief is barred because Plaintiff does not plausibly allege that a declaratory decree was violated or declaratory relief is unavailable. *See* 42 U.S.C. § 1983 (stating "injunctive relief shall not be granted" against "a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable"); *see also Azubuko v. Royal*, 443 F.3d 302, 304 (3d Cir. 2006).

Innes did not have jurisdiction and the Writ of Possession was not properly witnessed in state court. These allegations, however, are baseless. *See Barel v. Off. of Clerk of Super. Ct. of N.J.*, 834 F. App'x 763, 766 (3d Cir. 2020) (affirming dismissal of complaint as frivolous that brought claims alleging state court writ of possession was improperly authorized); *cf. v. Double Tree Suites by Hilton Philad.*, No. 20-6362, 2021 WL 3260850, at *3 (D.N.J. July 30, 2021) (citation omitted) ("If jurisdiction is based on a federal question, the pleader claiming federal jurisdiction simply must show that the federal claim is not frivolous."). With the claims against the State Defendants dismissed, the Court has already issued a ruling on the underlying facts forming the basis of the claim against Fishman. As noted above, this claim springs from Plaintiff's assertion that Judge Innes and Smith authorized the fabrication and filing of the "Writ of Possession." (Compl. at 26.) This allegation is unsupported and does not support a basis for this Court exercising jurisdiction.

At bottom, it appears to this Court that this is simply another attempt by Timm to challenge the underlying foreclosure action. *See e.g., Timm v. Fed. Home Loan Mortg. Corp.*, No. 19-17304, 2022 WL 504596, at *2 (D.N.J. Feb. 18, 2022). But once again, the Court must dismiss Timm's claims.

## IV. CONCLUSION

For the reasons set forth above, the Court grants both Motions. Because Plaintiff's claims against State Defendants are barred by either sovereign immunity or judicial immunity, the Court must grant State Defendants' Motion with prejudice and also dismiss the claim against Fishman with prejudice. The Court will enter an Order consistent with this Memorandum Opinion.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE